UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REBECCA GUZMAN,<br><br>　　　　　Defendant. | CR. NO. 2:11-0119-6 WBS<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

　　　　Before the court is defendant Rebecca Guzman's Motion[1] for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") and Amendment 782 to the United States Sentencing Guidelines ("Guidelines"). (Def.'s Mot. (Docket No. 271).)

　　　　On April 20, 2012, defendant entered into a plea agreement with the government whereby she agreed to plead guilty

---

[1] Defendant filed her Motion pro se. Defendant's appointed counsel has notified the court that she will not file an amended motion or supplemental brief on defendant's behalf. (Docket No. 293.)

1

to one count of conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, at least 5 kilograms of cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Plea Agreement (Docket No. 95).) The plea agreement provided "that a specific sentence of 168 months in prison would be appropriate in [defendant's] case." (Id. at 2.)

On September 10, 2012, the United States Probation Office issued a presentence report ("PSR") in defendant's case. The PSR recommended an offense level of 37 and criminal history category of III, and a resulting Guidelines sentencing range of 262 to 327 months, for defendant.

On October 1, 2012, the court held a sentencing hearing for defendant. (Oct. 1, 2012 Tr. (Docket No. 294).) At the hearing, the court found that an offense level of 35 and criminal history category of III were applicable to defendant,[2] and noted that defendant's sentencing range under the Guidelines was 210 to 262 months. (Id. at 7-8, 15.) Based on the factors listed in 18 U.S.C. § 3553(a), the court imposed a sentence of substantially less than called for by the Guidelines, and sentenced defendant to 168 months in prison. (See id. at 15-16.)

On November 1, 2014, the United States Sentencing Commission ("Commission") promulgated Amendment 782 to the Guidelines, which reduced the offense level of many drug crimes listed in the Guidelines by two levels. United States v. Mitchell, No. 112-CR-00199 LJO SKO, 2016 WL 4161082, at *1 (E.D.

---

[2] The court declined to adopt a two-level sentencing increase recommended in the PSR for possession of a firearm. (Oct. 1, 2012 Tr. at 7.)

2

Cal. Aug. 4, 2016). The Commission voted to make Amendment 782 retroactively applicable. See U.S.S.G., sup. App'x C, amend. 788 (2014); United States v. Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015). Under Amendment 782, defendant's offense level is 33, which, in conjunction with her criminal history category of III, results in an amended Guidelines sentencing range of 168 to 210 months.

Defendant now moves for an unspecified sentence reduction pursuant to Amendment 782 and section 3582(c)(2). (Def.'s Mot.) The government opposes defendant's Motion. (Gov't's Opp'n (Docket No. 275).)

Section 3582(c)(2) allows the court to "reduce the term of imprisonment" of a defendant who was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Any reduction" pursuant to section 3582(c)(2) "must be consistent with applicable policy statements issued by the Sentencing Commission." Dillon v. United States, 560 U.S. 817, 821 (2010). Guidelines section 1B1.10 ("section 1B1.10"), which sets forth the Commission's policy statements, provides that except where a defendant was sentenced below her Guidelines range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," a court may "not reduce [a] defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) . . . to a term that is less than the minimum of [her] amended guideline range." U.S.S.G. § 1B1.10(b)(2).

Defendant's sentence of 168 months is already at the minimum of her amended Guidelines range. That sentence was not

3

determined pursuant to a government 'substantial assistance' motion.  Reducing defendant's sentence under section 3582(c)(2), therefore, would be inconsistent with section 1B1.10.  Because the court may not grant a sentence reduction under section 3582(c)(2) where such reduction would be inconsistent with section 1B1.10, the court must deny defendant's Motion.

        IT IS THEREFORE ORDERED that defendant's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be, and the same hereby is, DENIED.

Dated: May 23, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE